**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>       Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>       Defendant. | Case No. |

**CLASS ACTION COMPLAINT**

**Background**

1.      Joseph Christ ("Plaintiff") brings this class action against Planet Roof PA, LLC ("Planet Roof") (collectively referred to as "Defendant") under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and alleges as follows:

2.      As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

3.      Plaintiff brings this action under the TCPA alleging that Defendant advertised its products and services through a marketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals.

4.      The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq.*, alleging that Defendant made telemarketing calls to a number listed on the National Do Not Call Registry, which violates the SCTPPA in addition to the TCPA.

5.      Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

6.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

7.      Plaintiff Joseph Christ is an individual.

8.      Defendant Planet Roof PA, LLC is a limited liability company located in this District.

## Jurisdiction & Venue

9.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

10.     The Court has supplemental jurisdiction over the state law claims because they relate to the same calling conduct.

11.     This Court has specific personal jurisdiction over Defendant because it sent calls into this District.

12.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent from this District.

**Factual Allegations**

13.     Beginning on or about March 5, 2026, and continuing through at least March 7, 2026, Plaintiff received multiple unsolicited telemarketing calls from Defendant delivering pre-recorded voicemail messages.

14.     These calls originated from the telephone number (724) 294-5783, and all such calls resulted in substantially identical pre-recorded voicemail messages being left on Plaintiff's cellular telephone.

15.     The pre-recorded message featured a female voice stating:

Hi, this is Jessica from Planet Roof. I am calling to discuss your roofing jobs or inspections. Please give me a call back at your earliest convenience that works for you.

16.     Each voicemail message was identical in content, voice, and delivery, demonstrating the use of a pre-recorded system.

17.     The messages were clearly artificial or pre-recorded, as they had a uniform tone, cadence, and content across each instance, and were not delivered by a live person.

18.     Each of these calls resulted in a pre-recorded voicemail message being deposited on Plaintiff's cellular telephone without his prior express consent.

19.     Plaintiff's cellular telephone number, (843) XXX-7299, has been registered on the National Do Not Call Registry since at least August 22, 2025, and was listed on the Registry at the time Defendant placed the calls.

20.     Plaintiff had no prior business relationship with Defendant.

3

21.     Plaintiff did not provide his prior express written consent to Defendant, or to any third party acting on Defendant's behalf.

22.     Plaintiff's cellular telephone number is used for personal purposes, including communicating with family and friends and managing personal affairs, and is not associated with any business.

23.     Plaintiff is the sole user and subscriber of his cellular telephone number, pays for the service himself, and has never used the number for any commercial purpose.

24.     These calls were not for emergency purposes and constituted unsolicited telemarketing calls promoting Defendant's roofing services.

## Class Action Statement

25.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

26.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

27.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

**Robocall Class:** Plaintiff and all persons within the United States: (1) to whose cellular telephone numbers (2) Defendant placed a call using artificial or pre-record messages (3) to an individual that did not provide their phone number to the Defendant (4) within the four years prior to the filing of the Complaint.

**SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time within the four years prior to the filing of the Complaint, (2) Defendant (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services, (6) to an individual that did not provide their phone number to the Defendant.

28.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

4

29.     Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

31.     This Class Action Complaint seeks injunctive relief and money damages.

32.     The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

33.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

34.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

35.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

37.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

a.      Whether Defendant made calls using artificial or prerecorded voices to Plaintiff;

b.      Whether Defendant's conduct constitutes a violation of the TCPA;

5

c.    Whether the Defendant's conduct violates the SCTPPA; and

d.    Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38.    Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

39.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

40.    Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or their agents.

41.    The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42.    Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

43.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

6

44.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, with an artificial and/or pre-recorded voice message to protected telephone numbers.

45.    The Defendant's violations were negligent, willful, or knowing.

46.    As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

47.    Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making pre-recorded calls, except for emergency purposes, to any protected telephone number in the future.

## SECOND CAUSE OF ACTION

### Statutory Violation of the South Carolina Telephone Privacy Protection Act ((S.C. Code § 37-21-10) on behalf of the SCTPPA Class

48.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49.    Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

50.    The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from using artificial or prerecorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

B.      An award to Plaintiff and the classes of damages, attorneys' fees, and costs, as allowed by law for the TCPA and SCTPPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

> Plaintiff,
> By Counsel,
> By: */s/ Jeremy Jackson*
> Jeremy C. Jackson (PA Bar No. 321557)
> BOWER LAW ASSOCIATES, PLLC
> 403 S. Allen St., Suite 210
> State College, PA 16801
> Tel.: 814-234-2626
> jjackson@bower-law.com
>
> Anthony I. Paronich, *Subject to Pro Hac Vice*
> Paronich Law, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> (508) 221-1510
> anthony@paronichlaw.com
> *Attorney for Plaintiff and the Proposed Class*