## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>        Defendant. | Case No. 2:26-cv-02135-JMY |

### DEFENDANT PLANET ROOF PA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Planet Roof PA, LLC ("Planet Roof"), through its undersigned counsel, hereby files its Answer with Affirmative Defenses to the Class Action Complaint filed by Plaintiff, Joseph Christ ("Plaintiff") as follows:

### Background

1. Admitted in part. Denied in part. Planet Roof admits only that Plaintiff purports to allege a cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq.* By way of further response, Planet Roof denies that it violated the TCPA, the SCTPPA, or any rules promulgated by the Federal Communications Commission related to the TCPA. Planet Roof further denies that Plaintiff is entitled to any compensation or relief whatsoever in connection with these proceedings.

2. Denied. By way of further response, the allegations set forth in Paragraph 2 of Plaintiff's Complaint constitute legal conclusions and quotations to which no response is required.

3.    Denied. By way of further response, the allegations set forth in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law and characterizations of Plaintiff's own claims to which no response is required.

4.    Denied. By way of further response, the allegations set forth in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law and characterizations of Plaintiff's own claims to which no response is required.

5.    Denied. By way of further response, the allegations set forth in Paragraph 5 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

6.    Denied. By way of further response, the allegations set forth in Paragraph 6 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

### Parties

7.    Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.    Denied as stated. By way of further response, Planet Roof admits that it is a limited liability company. Planet Roof denies the remaining allegations in Paragraph 8 of Plaintiff's Complaint.

### Jurisdiction & Venue

9.    Denied. By way of further response, the allegations set forth in Paragraph 9 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

10.    Denied. By way of further response, the allegations set forth in Paragraph 10 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

11.     Denied. By way of further response, the allegations set forth in Paragraph 11 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

12.     Denied. By way of further response, the allegations set forth in Paragraph 12 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

### Factual Allegations

13.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of Plaintiff's Complaint. Planet Roof expressly denies that

any third-party vendor or contractor making calls on its behalf was an agent of Planet Roof or otherwise performing services at the direction and under the control of Planet Roof.

19.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

## Class Action Statement

25.     Denied. By way of further response, Paragraph 25 purports to incorporate prior allegations and no response is required beyond those previously provided.

4

26.     Denied. By way of further response, the allegations set forth in Paragraph 26 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

27.     Denied. By way of further response, the allegations set forth in Paragraph 27 of Plaintiff's Complaint constitute conclusions of law to which no response is required. Planet Roof denies that any class should be certified.

28.     Denied. By way of further response, the allegations set forth in Paragraph 28 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

29.     This paragraph sets forth definitions of those excluded from the proposed class and does not require a response from Planet Roof.

30.     Denied. By way of further response, the allegations set forth in Paragraph 30 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

31.     Denied. By way of further response, the allegations set forth in Paragraph 31 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

32.     Denied. By way of further response, the allegations set forth in Paragraph 32 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

33.     Denied. By way of further response, after reasonable investigation, Planet Roof is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34.     Denied. By way of further response, the allegations set forth in Paragraph 34 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

35.     Denied. By way of further response, the allegations set forth in Paragraph 35 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

36. Denied. By way of further response, the allegations set forth in Paragraph 36 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

37. Denied. By way of further response, the allegations set forth in Paragraph 37 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

38. Denied. By way of further response, the allegations set forth in Paragraph 38 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

39. Denied. By way of further response, the allegations set forth in Paragraph 39 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

40. Denied. By way of further response, the allegations set forth in Paragraph 40 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

41. Denied. By way of further response, the allegations set forth in Paragraph 41 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

42. Denied. By way of further response, the allegations set forth in Paragraph 42 of Plaintiff's Complaint constitute conclusions of law to which no response is required.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227(b))**
**(On Behalf of Plaintiff and the Robocall Class)**

43. Denied. By way of further response, Paragraph 43 purports to incorporate prior allegations and no response is required beyond those previously provided.

44. Denied. By way of further response, the allegations set forth in Paragraph 44 of Plaintiff's Complaint constitute conclusions of law to which no response is required. Planet Roof denies that it violated the TCPA or the FCC rules.

45.    Denied. By way of further response, Planet Roof denies that it violated the TCPA or the FCC rules negligently, willfully, knowingly, or at all.

46.    Denied. By way of further response, Planet Roof denies that it violated the TCPA or the FCC rules. Planet Roof denies that Plaintiff is entitled to any award of damages, including statutory damages.

47.    Denied. By way of further response, Planet Roof denies that Plaintiff is entitled to injunctive relief of any kind.

## SECOND CAUSE OF ACTION

### Statutory Violation of the South Carolina Telephone Privacy Protection Act (S.C. Code § 37-21-10) on behalf of the SCTPPA Class

48.    Denied. By way of further response, Paragraph 48 purports to incorporate prior allegations and no response is required beyond those previously provided.

49.    Denied. By way of further response, Planet Roof denies that it violated the SCTPPA.

50.    Denied. By way of further response, Planet Roof denies that Plaintiff is entitled to injunctive relief of any kind.

WHEREFORE, Defendant, Planet Roof PA, LLC, respectfully requests that this Court enter judgment in its favor and against Plaintiff, Joseph Christ, individually and on behalf of the putative class, and award Planet Roof its reasonable attorneys' fees, costs, and any other relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

By way of further response to the allegations in Plaintiff's Complaint, and without assuming the burden of proof on any issue or element that otherwise rests with Plaintiff, and

expressly denying any and all liability to Plaintiff, Planet Roof hereby asserts the following

Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state one or more claims against Planet Roof upon which

relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Planet Roof for violating the TCPA.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Planet Roof for violating the SCTPPA.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages concerning the claims in this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to treble damages concerning the claims in this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorneys' fees concerning the claims in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief because Plaintiff has suffered no harm, injury, or

damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages concerning the claims in this lawsuit are disproportionate to

the harm alleged or suffered by Plaintiff. Such damages would be excessive and an award of

such excessive damages would violate Planet Roof's rights under the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's own actions or inaction.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by one or more persons or entities other than Planet Roof.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times, Planet Roof acted in good faith and did not recklessly, negligently, knowingly, intentionally, and/or willfully violate the TCPA, SCTPPA, or FCC rules.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, at all times, Planet Roof did not directly contact Plaintiff by telephone.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any violation of the TCPA or SCTPPA, which Planet Roof denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures and policies reasonably adopted to avoid such error.

## FIFTEENTH AFFIRMATIVE DEFENSE

The doctrine of express prior consent bars the claims asserted by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Planet Roof and/or its designee maintained written procedures to comply with the TCPA, SCTPPA, and FCC rules.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Planet Roof and/or its designee trained their personnel concerning written procedures to comply with the TCPA, SCTPPA, and FCC rules.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## TWENTIETH AFFIRMATIVE DEFENSE

Planet Roof reserves the right to amend its Affirmative Defenses should it become necessary or appropriate to do so.

Dated:  June 9, 2026                    **FOX ROTHSCHILD LLP**


By: *s/ Colin D. Dougherty*
   Colin D. Dougherty
   D. Wesley Meehan
   980 Jolly Road, Suite 110
   Blue Bell, PA 19422-3001
   Tel:  (610) 397-6500
   Fax:  (610) 397-0450
   cdougherty@foxrothschild.com
   wmeehan@foxrothschild.com
   *Attorneys for Defendant Planet Roof PA, LLC*

**CERTIFICATE OF SERVICE**

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon all counsel of record.

Dated:  June 9, 2026

*s/ Colin D. Dougherty*
Colin D. Dougherty
FOX ROTHSCHILD LLP

11