## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH CHRIST, individually and on behalf of
a class of all persons and entities similarly
situated,

             Plaintiff

vs.

PLANET ROOF PA, LLC

             Defendant.

Case No. 2:26-cv-02135-JMY

## THIRD-PARTY COMPLAINT

Defendant, Planet Roof PA, LLC ("Planet Roof" or "Plaintiff"), through its undersigned counsel, hereby files its Third-Party Complaint against Third-Party Defendant QuinStreet Inc. ("Third-Party Defendant"), as follows:

## NATURE OF ACTION

1.     Plaintiff, Joseph Christ ("Christ"), on behalf of himself and all others similarly situated, filed a putative class action complaint (the "Complaint") against Planet Roof seeking damages resulting from alleged negligent and willful violations of the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA").

2.     More specifically, Christ alleges that Planet Roof violated the TCPA by delivering pre-recorded voicemail messages to Plaintiff's cellular telephone without Plaintiff's prior express consent.

3.      Planet Roof contracted with Third-Party Defendant, which performed telemarketing call services for Planet Roof and was responsible for ensuring compliance with the TCPA and all applicable federal and state laws when contacting consumers on behalf of Planet Roof.

4.      Third-Party Defendant expressly contracted to perform its services in compliance with federal and state law in its services agreement with Planet Roof and further covenanted to indemnify Planet Roof for claims and damages arising out of Third-Party Defendant's failure to do so.

5.      Should Planet Roof be found liable to Christ herein, which liability is expressly denied, Planet Roof alleges it is entitled to, *inter alia*, common-law and/or contractual indemnification and contribution from Third-Party Defendant, as any such liability would be a direct result of Third-Party Defendant's actions and/or inactions.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Christ's claims in the Complaint pursuant to 28 U.S.C. § 1331.

7.      The claims in this Third-Party Complaint are substantially related to the claims at issue in the Complaint and this Court has supplemental jurisdiction over same pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

9.      Defendant/Third-Party Plaintiff Planet Roof PA, LLC is a limited liability company located in the Eastern District of Pennsylvania.

10.     Third-Party Defendant QuinStreet Inc. is an online marketing company organized and existing under the laws of Delaware, with a principal place of business in Foster City, California.

### A. Third-Party Defendant Contracted to Make Telemarketing Calls on Behalf of Planet Roof

11.     Planet Roof owns and operates a roofing services business.

12.     Planet Roof contracted with Third-Party Defendant to perform telemarketing services, including making telephone calls and delivering pre-recorded voicemail messages to consumers on behalf of Planet Roof.

13.     On or about December 9, 2025 Planet Roof and Third-Party Defendant entered into a written agreement (the "Agreement"), pursuant to which the parties agreed that Third-Party Defendant would perform certain telemarketing call services for Planet Roof.

14.     Pursuant to the Agreement, Third-Party Defendant was an independent contractor and was responsible for ensuring that all telemarketing calls placed on behalf of Planet Roof complied with the TCPA, FCC rules, the SCTPPA, and all other applicable federal, state, and local laws and regulations.

### B. Third-Party Defendant is Responsible for Compliance with the TCPA and SCTPPA

15.     Under the terms of the Agreement, Third-Party Defendant was required to maintain its own Do Not Call list and to refrain from contacting telephone numbers listed on the National Do Not Call Registry without prior express written consent.

16.     Third-Party Defendant was responsible for obtaining and maintaining records of consent prior to placing telemarketing calls to consumers on behalf of Planet Roof.

17.     Third-Party Defendant controlled the means and manner in which telemarketing calls were placed, including the use of pre-recorded message technology.

18.     At all times relevant to this Third-Party Complaint, Planet Roof did not directly place telemarketing calls to consumers itself but relied upon Third-Party Defendant to do so in compliance with all applicable laws.

### C.  Third-Party Defendant Caused Calls to Be Made to Christ

19.     Third-Party Defendant caused the telemarketing calls and pre-recorded voicemail messages described in the Complaint to be placed to Christ on behalf of Planet Roof.

20.     Planet Roof did not directly place any telephone calls to Plaintiff at any time.

21.     To the extent that Christ or any members of the putative class were called absent their consent – which Planet Roof expressly denies – this is a direct result of Third-Party Defendant's failure to perform its services in conformance with the TCPA, SCTPPA, and applicable FCC rules.

### D.  Third-Party Defendant Warranted Compliance With the TCPA and Agreed to Indemnify Planet Roof

22.     Third-Party Defendant expressly agreed to indemnify Planet Roof by the terms of the Agreement.

23.     Pursuant to the Agreement, Third-Party Defendant agreed to "indemnify, defend and hold harmless [Planet Roof] from and against any and all claims, suits, losses, damages, liabilities, costs and expenses (including reasonable attorneys' fees and expenses) related to any breach by the [Third-Party Defendant] of its representations, warranties and obligations set forth herein; provided, however, that [Planet Roof] (a) promptly gives written notice of such claims to [Third-Party Defendant]; (b) gives the sole control of the defense and settlement of such claims

4

to [Third-Party Defendant]; provided, however, that [Third-Party Defendant] shall not enter into any settlement on the part of [Planet Roof] without Approval of [Planet Roof]; and (c) provides to the [Third-Party Defendant] all reasonable assistance."

24.    Planet Roof has demanded that Third-Party Defendant indemnify, defend, and hold Planet Roof harmless from the claims and damages alleged in Plaintiff's Complaint.

25.    Third-Party Defendant has improperly refused to indemnify, defend, and hold Planet Roof harmless from any and all claims, losses, and/or damages alleged in these proceedings, including Planet Roof's reasonable attorneys' fees.

## COUNT I
## CONTRACTUAL INDEMNIFICATION

26.    Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

27.    Planet Roof denies all legal liability and responsibility for the acts alleged in Plaintiff's Complaint.

28.    Upon information and belief, should Planet Roof be held liable to Plaintiff or any other members of the putative class herein, which liability is denied, such liability is a result of Third-Party Defendant's actions and its failure to perform its obligations under the Agreement in accordance with its terms and applicable law.

29.    If Planet Roof should be found liable to Christ or any other members of the putative class herein, which liability is denied, Third-Party Defendant is required to indemnify Planet Roof pursuant to the indemnification provisions of the Agreement.

30.    Planet Roof is entitled to indemnification from Third-Party Defendant by way of contract, common law, or otherwise.

## COUNT II
## COMMON LAW INDEMNIFICATION

31.    Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

32.    To the extent that Christ received telemarketing calls and pre-recorded voicemail messages without his consent as alleged in the Complaint, Third-Party Defendant should be held solely responsible for these failures.

33.    Without admitting the truth of the allegations set forth in the Complaint, if Christ sustained damages in the manner alleged in the Complaint through any fault or negligence other than the fault or negligence of Christ, such damages resulted solely from the acts, omissions, or negligence of Third-Party Defendant, in its operation, maintenance, control, supervision, and management of the telemarketing services, which was solely in Third-Party Defendant's province.

## COUNT III
## CONTRIBUTION

34.    Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

35.    Upon information and belief, should Planet Roof be held liable to Christ or any other members of the putative class herein, which liability is denied, such liability is a result of Third-Party Defendant's actions and its failure to perform its obligations under the Agreement in accordance with its terms and applicable law.

36.    If Planet Roof should be found liable to Christ or any other members of the putative class herein, which liability is denied, Third-Party Defendant is a joint tortfeasor with respect to any loss, liability, or expense.

6

## COUNT IV
## <u>BREACH OF CONTRACT</u>

37.     Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

38.     As set forth above, Planet Roof and Third-Party Defendant entered into a binding and enforceable contract, the Agreement.

39.     Under the Agreement, Third-Party Defendant was obligated to, *inter alia*, perform its telemarketing services in compliance with all applicable federal, state, and local laws and regulations, including the TCPA, SCTPPA, and FCC rules.

40.     Should Planet Roof be held liable to Christ or any other members of the putative class herein, which liability is denied, such liability is a result of Third-Party Defendant's failure to perform its obligations under the Agreement in accordance with its terms and applicable law, thereby breaching the Agreement.

41.     Should Planet Roof suffer any damages by way of being held liable to Christ or any other members of the putative class herein, which liability is denied, such liability is a result of Third-Party Defendant's breach of the Agreement.

42.     Planet Roof has been damaged (and will continue to be damaged) by Third-Party Defendant's material breaches of the Agreement.

## COUNT V
## <u>PROMISSORY ESTOPPEL (Pled in the Alternative)</u>

43.     Planet Roof repeats and realleges the allegations of the preceding paragraphs as if set forth at length herein.

44.     This promissory estoppel claim is pled in the alternative and should be reached if the Court or factfinder rejects Planet Roof's breach of contract claim.

45.    Third-Party Defendant made clear and definite promises to Planet Roof to perform its telemarketing services in compliance with all applicable federal, state, and local laws and regulations, including the TCPA, SCTPPA, and FCC rules.

46.    Third-Party Defendant knew or reasonably should have expected that its promises would induce Planet Roof to act in reliance upon them.

47.    Planet Roof actually and reasonably relied upon Third-Party Defendant's promises.

48.    In reliance on the promises made by Third-Party Defendant, Planet Roof allowed Third-Party Defendant to make telemarketing calls on its behalf.  Planet Roof's action in this regard was reasonable and foreseeable.

49.    As a result of its reliance, Planet Roof has suffered damages.

50.    Injustice can only be avoided by enforcement of Third-Party Defendant's promises.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Third-Party Plaintiff Planet Roof PA, LLC prays for judgment against Third-Party Defendant QuinStreet Inc. as follows:

(1) For total and complete indemnity for any damages incurred by Planet Roof arising out of the Complaint;

(2) For compensatory damages in an amount to be determined at trial;

(3) For costs of suit;

(4) For attorneys' fees;

(5) For such other and further relief as this Court deems just and proper.

8

Dated:  June 9, 2026  **FOX ROTHSCHILD LLP**


By: <u>s/ Colin D. Dougherty</u>
    Colin D. Dougherty
    D. Wesley Meehan
    980 Jolly Road, Suite 110
    Blue Bell, PA 19422-3001
    Tel:  (610) 397-6500
    Fax:  (610) 397-0450
    cdougherty@foxrothschild.com
    wmeehan@foxrothschild.com
    *Attorneys for Defendant Planet Roof PA, LLC*

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon all counsel of record.

Dated:  June 9, 2026

*s/ Colin D. Dougherty*
Colin D. Dougherty
FOX ROTHSCHILD LLP