**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>        Defendant. | Case No. 2:26-cv-02135-JMY |

## <u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>

**WHEREAS**, Plaintiff, Joseph Christ ("Plaintiff") and Defendant, Planet Roof PA, LLC ("Planet Roof") (collectively, the "Parties") desire to implement a procedure to govern the production and disclosure of certain potentially confidential and sensitive information;

**WHEREAS**, the Parties anticipate that certain documents and information will be produced or disclosed during the course of the above-captioned proceeding that will contain confidential and sensitive information, including confidential financial records, commercial agreements, proprietary information, and, possibly, commercial, research, financial, process, business, customer, lead-source, and/or vendor information;

**WHEREAS**, the Parties agree there is a need to maintain strict confidentiality of all such confidential and sensitive information to prevent identity theft and other improper uses of the information;

**WHEREAS**, the Parties agree to limit the disclosure of such confidential and sensitive information by way of this Confidentiality Agreement; and

**WHEREAS**, based upon the foregoing, and as set forth below, good cause exists for the entry of this Stipulated Confidentiality Agreement and Protective Order because unrestricted disclosure of the materials and information described above could cause competitive harm and invade the privacy interests of the Parties, their customers, and non-parties, and the protections afforded by this Order are necessary to facilitate the free exchange of relevant information while safeguarding legitimate confidentiality interests;

**NOW THEREFORE**, it is hereby agreed and stipulated by the Parties that all documents, testimony, and information provided by any party in the above-entitled action shall be used only for the purpose of litigating the above-captioned proceeding, subject to the following conditions, safeguards, and limitations:

1.      "Confidential Information" means any information or document, including interrogatory responses, responses to requests for production of documents, disclosures required by the Federal Rules of Civil Procedure, and/or orders of the Court herein, responses to requests for admissions, expert statements, deposition testimony, deposition exhibits, exhibits used in the filing of pleadings and motions, and any other document, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any party in this proceeding. Public records and other information or documents that are publicly available may not be so designated.

2.      Any party to this litigation may designate material as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if it makes a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personal records, financial data or projections, customer or consumer personal information, lead-

source or vendor data, or such other sensitive commercial information that is not publicly available.

3.      Any party to this litigation may designate material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it makes a good faith determination that the documents contain confidential or proprietary information of the producing party which, if disclosed to the requesting party, would likely result in serious injury or harm to the producing party's business or personal interest.

4.      All materials designated Confidential Information shall not be disclosed except as provided in this Order. All such Confidential Information shall be conspicuously marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent that a brief, memorandum, or pleading references any document designated as Confidential Information, the brief, memorandum, or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any Confidential Information. If, however, the Confidential Information must be intertwined within the text of the brief, memorandum, or pleading, a party may timely move the Court for leave to file both a redacted version for the public docket and an unredacted version for sealing, consistent with the Local Rules of this Court.

5.      The Confidential Information covered by this Agreement may be used only in connection with this proceeding. Confidential Information may not be used for any other litigation, any other business, or any other purpose whatsoever.

6.      The following persons shall be the only persons who will be permitted to see or have access to materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" covered by this Agreement:

(a) counsel employed by a party to this litigation or an employee of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) any expert or consultant (including any employee of said expert or consultant) who is employed, retained, or otherwise consulted by a party or its attorney for the purpose of analyzing data, providing opinions, or otherwise assisting in this action (provided, however, that all documents and copies thereof must be returned by the expert or consultant to the party or attorney who retained him or her upon resolution of this action);

(c) any person called to give testimony on matters relating to Confidential Information (provided, however, that all documents and copies thereof must be returned by the witness to the party or its attorney upon resolution of this action or at the end of the witness's involvement in this action as a witness, whichever comes first);

(d) the Parties and any officer, employee, or representative of the named Parties who is required in good faith to provide assistance with the conduct of this litigation; and

(e) the Court, Court personnel, and court reporters.

7.      Before any person referred to in Paragraph 6(b) and/or 6(c) may be shown or given access to Confidential Information, the attorney of record desiring to disclose the Confidential Information shall first inform him or her that the information or document to be disclosed (1) is confidential; (2) must be held in confidence; and (3) may be used solely for the purpose of preparing for or presenting evidence in this litigation. Each such person shall be informed that these restrictions are imposed by Court Order and must agree to be bound by the Order, as evidenced by execution of a Confidentiality Agreement in the form attached hereto as Exhibit A.

8.      Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any persons other than those identified in Paragraphs 6(a), (b), (c), and (e).

9.      All Confidential Information covered by this Agreement shall be kept by the Parties in a confidential manner, and shall not be given, shown, or described to any person(s) except as provided in this Agreement.

10.     If any party disputes the designation of any documents or information as Confidential or if any party objects to the disclosure of Confidential Information to a non-party, the Parties shall attempt to resolve through consent the question of whether the document or information is to be covered by this Agreement and/or disclosed. If the Parties are unable to agree, counsel for the party opposing the designation or disclosure may seek a Court order determining whether the document or information was properly designated protected from disclosure or may be disclosed. Until a resolution of the dispute is achieved, either through consent or through Court order, the parties shall treat the designated document or information as Confidential and it may not be disclosed.

11.     Neither the provisions of this Agreement nor any disclosure by any party pursuant to this Agreement shall be construed as a waiver of any attorney-client privilege, work-product privilege, or other objection to production of documents or information as to any other proceedings or as to any persons or entities not parties to this action.

12.     This Agreement shall survive the termination of this proceeding and shall continue in full force and effect after such termination. After the conclusion of this proceeding – including any appeals and decisions relating thereto – and upon request of producing counsel, all Parties must return all Confidential Information, including all copies, to the producer. The Parties will be

bound by the terms of this Protective Order during the litigation, prior and subsequent to entry by the Court.

13.    A party may seek a modification of this Agreement, first by attempting to obtain written consent from the producer or, absent consent, by Court Order.

14.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**IT IS SO ORDERED.**

_____

John Milton Younge, U.S.D.J.

**AGREED TO AND SUBMITTED BY:**

**BOWER LAW ASSOCIATES, PLLC**

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: (814) 234-2626
jjackson@bower-law.com

Anthony I. Paronich (pro hac vice)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Class*
Dated: July 8, 2026

**FOX ROTHSCHILD LLP**

*/s/ Colin D. Dougherty*
Colin D. Dougherty
D. Wesley Meehan
980 Jolly Road, Suite 110
Blue Bell, PA 19422-3001
Tel: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
wmeehan@foxrothschild.com

*Attorneys for Defendant Planet Roof PA, LLC*
Dated: July 8, 2026

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>          Defendant. | Case No. 2:26-cv-02135-JMY |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

I, _____ , represent and agree as follows:

1. I have read and know the contents of the Stipulated Confidentiality Agreement and Protective Order ("Protective Order") dated [_____], and filed in the above-entitled action. I agree to be bound by its terms and conditions and submit myself to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania relative to assuring enforcement of the terms and conditions of the Protective Order.

2. I am one of the persons described in Paragraph 6 of the Protective Order, and I am signing this Confidentiality Agreement and agreeing to its terms prior to the disclosure to me of any Confidential Information as that term is defined and described in the Protective Order.

3. I expressly agree that:

    (a) I have read and shall be fully bound by the terms of the Protective Order;

    (b) All Confidential Information disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use any Confidential Information except in accordance with the Protective Order;

    (c) I shall not make or cause to be made any copy of any document containing Confidential Information in any form whatsoever;

(d) I shall not use or refer to any Confidential Information other than in connection with the above-entitled action and as provided in the Protective Order;

(e) Upon conclusion of my participation in the above-entitled action, I shall return all Confidential Information (including all copies) to the attorney for the party who furnished the Confidential Information to me, and I shall destroy any notes and memoranda I have regarding the same; and

(f) I am subject to the jurisdiction of this Court for purposes of determining, assuring, and adjudging my compliance with the Protective Order; and such jurisdiction shall survive the termination and/or resolution of this action.

Date: _____

Signature: _____

Home or Work Address:

_____ (Address)

_____ (City, State & Zip Code)