**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
-----------------------------------------------------------------x
JOSEPH CHRIST, individually and on behalf of a   :
Class of all persons and entities similarly situated,   :      Case No. 2:26-cv-02135-JMY
                                                 :
        Plaintiff,                               :
                                                 :   ANSWER OF THIRD-PARTY
                                                 :   DEFENDANT QUINSTREET INC.
vs.                                              :
                                                 :
PLANET ROOF PA, LLC                              :
                                                 :
                                                 :
        Defendant, Third-party Plaintiff         :
                                                 :
vs.                                              :
                                                 :
QUINSTREET INC.                                  :
                                                 :
        Third-party Defendant                    :
-----------------------------------------------------------------x
```

Third-party Defendant QuinStreet Inc. ("QuinStreet"), by and through its undersigned attorneys, Kelley Drye & Warren LLP, as and for its Answer to the Third-party Complaint, hereby states as follows:

**NATURE OF ACTION**

1.      Paragraph 1 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet admits only that Plaintiff Joseph Christ ("Plaintiff") has filed a putative class action against Planet Roof PA, LLC ("Defendant") asserting claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 ("SCTPPA"). QuinStreet denies the remaining allegations contained in Paragraph 1.

2.      Paragraph 2 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet admits only that Plaintiff alleges that

Defendant violated the TCPA by delivering pre-recorded voicemail messages to Plaintiff's cellular telephone without Plaintiff's prior express consent.  QuinStreet denies the remaining allegations contained in Paragraph 2.

3.    Paragraph 3 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 3.

4.    Paragraph 4 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 4.

5.    Paragraph 5 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 5.

**JURISDICTION AND VENUE**

6.    Paragraph 6 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7.    Paragraph 7 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 7.

8.    Paragraph 8 asserts legal conclusions and arguments to which no response is required.  To the extent a response is required, QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

## PARTIES

9.      QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.      QuinStreet admits that it is a corporation organized under the laws of Delaware with its principal place of business in Foster City, California, whose business largely consists of online marketing.

### A. Response to Section Titled "Third-Party Defendant Contracted to Make Telemarketing Calls on Behalf of Planet Roof"

11.      QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11.

12.      Paragraph 12 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 12.

13.      Paragraph 13 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 13.

14.      Paragraph 14 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 14.

### B. Response to Section Titled "Third-Party Defendant is Responsible for Compliance with the TCPA and SCTPPA"

15.      Paragraph 15 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 15.

3

16. Paragraph 16 asserts legal conclusions and argument, and interpretations of documents, to which no response is required. To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 16.

17. Paragraph 17 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 17.

18. Paragraph 18 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies knowledge or information sufficient to form a belief as to whether Defendant did not directly place telemarketing calls to consumers at all relevant times. QuinStreet denies the remaining allegations contained in Paragraph 18.

**C. Response to Section Titled "Third-Party Defendant Caused Calls to Be Made to Christ"**

19. Paragraph 19 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 19.

20. QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Paragraph 21 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 21.

**D.  Response to Section Titled "Third-Party Defendant Warranted Compliance With the TCPA and Agreed to Indemnify Planet Roof"**

22.  Paragraph 22 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 22.

23.  Paragraph 23 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 23.

24.  QuinStreet denies the allegations contained in Paragraph 24.

25.  Paragraph 25 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 25.

**COUNT I**
**CONTRACTUAL INDEMNIFICATION**

26.  QuinStreet incorporates by reference its answer to Paragraphs 1 through 25 above as though set forth fully herein.

27.  QuinStreet denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.  Paragraph 28 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 28.

29.  Paragraph 29 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 29.

30.    Paragraph 30 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 30.

## COUNT II
## COMMON LAW INDEMNIFICATION

31.    QuinStreet incorporates by reference its answer to Paragraphs 1 through 30 above as though set forth fully herein.

32.    Paragraph 32 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 32.

33.    Paragraph 33 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 33.

## COUNT III
## CONTRIBUTION

34.    QuinStreet incorporates by reference its answer to Paragraphs 1 through 33 above as though set forth fully herein.

35.    Paragraph 35 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 35.

36.    Paragraph 36 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 36.

## COUNT IV
## BREACH OF CONTRACT

37.     QuinStreet incorporates by reference its answer to Paragraphs 1 through 36 above as though set forth fully herein.

38.     Paragraph 38 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 38.

39.     Paragraph 39 asserts legal conclusions and argument, and interpretations of documents, to which no response is required.  To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 39.

40.     Paragraph 40 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 40.

41.     Paragraph 41 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 41.

42.     Paragraph 42 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 42.

## COUNT V
## PROMISSORY ESTOPPEL (Pled in the Alternative)

43.     QuinStreet incorporates by reference its answer to Paragraphs 1 through 42 above as though set forth fully herein.

44. Paragraph 44 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 44.

45. Paragraph 45 asserts legal conclusions and argument, and interpretations of documents, to which no response is required. To the extent a response is required, QuinStreet refers the Court to the cited documents and denies the allegations contained in Paragraph 45.

46. Paragraph 46 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 46.

47. Paragraph 47 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies knowledge or information sufficient to form a belief as to what Defendant actually or reasonably relied upon when it executed the agreement and denies the remaining allegations contained in Paragraph 47.

48. Paragraph 48 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies knowledge or information sufficient to form a belief as to what Defendant actually or reasonably relied upon when it executed the agreement and denies the remaining allegations contained in Paragraph 48.

49. Paragraph 49 asserts legal conclusions and argument to which no response is required. To the extent a response is required, QuinStreet denies the allegations contained in Paragraph 49.

50. QuinStreet denies the allegations contained in Paragraph 50.

## PRAYER FOR RELIEF

51.    QuinStreet denies that Defendant is entitled to the relief sought in Paragraph (1) through (5) of its Prayer for Relief, or any other relief whatsoever.

52.    QuinStreet asks the Court to enter judgment in favor of QuinStreet, awarding costs and any other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

QuinStreet sets forth below its affirmative defenses.  Each defense is asserted as to all causes of action against QuinStreet.  By setting forth these affirmative defenses, QuinStreet does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Defendant.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgment that any particular issue or subject matter is necessarily relevant to Defendant's allegations.  As separate and distinct affirmative defenses, QuinStreet alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendant's Third-party Complaint fails to state a claim upon which relief can be granted. Among other things, the contractual indemnity language quoted by Defendant applies only to claims related to a breach by QuinStreet of its representations, warranties, or obligations and is subject to conditions requiring prompt written notice, sole control of the defense and settlement, and reasonable assistance. Defendant has not pleaded facts showing that QuinStreet breached the written agreement, that any alleged breach caused the underlying claims, or that Defendant satisfied the contractual conditions to defense or indemnity.

9

## SECOND AFFIRMATIVE DEFENSE

Defendant's claims are barred, limited, or defeated by the written agreement, which speaks for itself.

## THIRD AFFIRMATIVE DEFENSE

Defendant's indemnity and defense claims are barred, limited, or premature because Defendant has not established compliance with conditions precedent established by the parties' written agreement.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred or limited by Defendant's own conduct and the conduct of its agents, affiliates, vendors, and related parties.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's damages, if any, are barred or limited by failure to mitigate, lack of timely notice, and failure to preserve or develop available evidence.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's promissory-estoppel claim is barred, limited, or unavailable because Defendant pleads and relies on an express written agreement governing the parties' relationship. Defendant may not use promissory estoppel to impose obligations broader than, or inconsistent with, the insertion order, Client Terms, and additional account terms that govern the underlying claims at issue.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's common-law indemnification claim is barred or limited because Defendant has not established that any liability would be solely vicarious, derivative, or attributable to QuinStreet.

10

## EIGHTH AFFIRMATIVE DEFENSE

Defendant's contribution claim is barred or limited because Defendant has not established that QuinStreet is a joint tortfeasor with respect to the alleged statutory TCPA and SCTPPA violations.

## NINTH AFFIRMATIVE DEFENSE

Defendant's claimed damages, fees, costs, and any request for total or complete indemnity are barred, limited, or subject to setoff, recoupment, and apportionment under the written agreement and applicable law.

**WHEREFORE**, QuinStreet Inc. prays for judgment as follows:

1.     That Defendant takes nothing by reason of its Third-party Complaint;

2.     That judgment be entered against Defendant in favor of Third-party Defendant QuinStreet Inc.;

3.     That Third-party Defendant QuinStreet Inc. recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.     That the Court grant Third-party Defendant QuinStreet Inc. such other and further relief as it deems just and proper.

Dated:  July 20, 2026                              KELLEY DRYE & WARREN LLP

*/s/ Steven W Schlesinger*
Steven W Schlesinger
James B. Saylor (*pro hac vice* forthcoming)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com

11

12

*Attorneys for Third-party Defendant
QuinStreet Inc.*

12

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026, I filed this document on the Court's docket using the

Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a

copy of the foregoing document by electronic means.

KELLEY DRYE & WARREN LLP

*/s/ Steven W Schlesinger*
Steven W Schlesinger
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com

13