**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>    Defendant. | Case No. 2:26-cv-02135-JMY |

### JOINT REPORT OF RULE 26(f) MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), counsel for the Parties conferred on May 5, 2026 and submit the following report:

1.     **Discussion of Claims, Defenses, and Relevant Issues**

This action is a putative class action arising under the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA"). Plaintiff alleges that Defendant placed unsolicited telemarketing calls to Plaintiff's cellular telephone using a prerecorded voice without prior express consent and placed calls to a number listed on the National Do Not Call Registry.

Plaintiff denies Defendant's contention that he consented to receive the calls at issue. Plaintiff contends that he did not provide prior express written consent to Planet Roof, Modernize, Sameday AI, Inc., or any other person or entity acting on Planet Roof's behalf to place telemarketing calls to his cellular telephone using an artificial or prerecorded voice. Plaintiff further disputes that any purported submission through roofingcosts.org constituted valid consent to receive the calls at issue. Plaintiff further contends that Planet Roof may be held

liable for the calls made to Plaintiff and members of the proposed Classes and disputes Planet

Roof's characterization of its relationship with the entities involved in the telemarketing

campaign.

Defendant Planet Roof PA, LLC ("Planet Roof") denies the allegations in Plaintiff's

Complaint. Specifically, Planet Roof never called Plaintiff and denies that it could be found

vicariously liable for the conduct of its third-party vendor Modernize Home Services

("Modernize") or Modernize's vendor Sameday AI, Inc. Planet Roof retained Modernize to

provide compliant consumer calls to its customers.  Plaintiff consented to Modernize using

automated technology and prerecorded messages to deliver marketing calls or text in connection

with his product on March 4, 2026 – the day before the purported "unsolicited telemarking calls"

began. To the extent a violation occurred, which is denied, Planet Roof should not be held

vicariously liable.

The Parties anticipate that discovery will focus on issues including whether Plaintiff

suffered any injury in fact sufficient to confer Article III standing, Plaintiff's damages, whether

Defendant used a prerecorded or artificial voice, whether Defendant obtained consent to place

the calls at issue, the volume and recipients of calls, Defendant's telemarketing practices and

policies, and issues related to class certification under Federal Rule of Civil Procedure 23, which

Defendant does not believe is appropriate. The Parties further anticipate that discovery will be

necessary to address both the Rule 23 requirements and the merits of Plaintiff's claims.

Third-Party Defendant QuinStreet Inc. ("QuinStreet") denies the allegations in Defendant

Planet Roof's Third-Party Complaint.  Planet Roof did not contract with QuinStreet or

Modernize, a wholly-owned subsidiary of QuinStreet, to provide any calling services.  The only

contract between Planet Roof and QuinStreet was for Modernize to provide lead delivery to

2

Planet Roof.  Neither QuinStreet nor Modernize placed calls on Planet Roof's behalf as incorrectly alleged in the Third-Party Complaint.  Modernize provided a lead for Plaintiff's phone number based on a request for information submitted on www.roofingcosts.org on March 4, 2026, through which Plaintiff consented to receive calls and text messages from service professionals including Planet Roof.  QuinStreet further denies that it owes any indemnification obligations to Planet Roof as alleged in the Third-Party Complaint.  Further, even if such indemnification obligations were owed under the parties' contract, and contrary to the allegations in the Complaint, Planet Roof did not comply with the indemnification requirements outlined in the parties' contract.

The Parties further anticipate that the case will likely involve a motion for class certification and, following discovery, dispositive motions including summary judgment.

2.    **Informal Disclosures**

The parties agree that they will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) in advance of the Rule 16 Conference.

In addition to the required disclosures, the Parties will work cooperatively to exchange relevant information informally where appropriate, including call detail records, information regarding the alleged prerecorded messages, and documents sufficient to identify any third-party vendors involved in the calls at issue.

3.    **Formal Discovery**

The Parties agree that discovery will include written discovery, document production, depositions, and third-party discovery as necessary.  Defendant believes discovery should be bifurcated as it believes class treatment is inappropriate. Plaintiff disagrees that bifurcation is appropriate or would promote the efficient resolution of this action. Plaintiff contends that the

issues relevant to class certification substantially overlap with the merits, including the circumstances surrounding the alleged calls, the use of artificial or prerecorded voices, the source and validity of any purported consent, Defendant's telemarketing practices and policies, the relationships among Defendant and the third parties involved in generating leads and placing calls. Discovery concerning these matters is relevant both to Plaintiff's claims on the merits and to the requirements of Federal Rule of Civil Procedure 23. Plaintiff therefore contends that bifurcation would create unnecessary disputes concerning whether particular discovery is directed to the merits or class certification, potentially require duplicative discovery, and unnecessarily delay resolution of the action. Plaintiff proposes that class and merits discovery proceed concurrently.

The Parties propose that the discovery period extend for six (6) months from the Rule 16 conference, which is scheduled for August 20, 2026, resulting in a discovery deadline of February 19, 2027.

The Parties have discussed their obligations with respect to the preservation of electronically stored information and agree to preserve relevant information. The Parties further agree that electronically stored information will be produced in a reasonably usable form, such as native or searchable formats, and that they will meet and confer regarding appropriate search terms, custodians, and the scope of production. The Parties also intend to enter into an agreement addressing the inadvertent production of privileged material pursuant to Federal Rule of Evidence 502(d). The Parties will continue to meet and confer regarding the scope and cost of electronic discovery and will seek to resolve any disputes without court intervention where possible.

    4.     **Expert Witness Disclosures**

The Parties anticipate that expert discovery may be necessary, including expert testimony related to dialing technology, TCPA compliance, and class-related issues. The Parties propose the following schedule for expert disclosures:

- Plaintiff's expert disclosures: Monday, March 22, 2027.

- Defendant's expert disclosures: Wednesday, April 21, 2027

- Rebuttal disclosures: Friday, May 21, 2027

5.      **Early Settlement or Resolution**

Counsel have discussed alternative dispute resolution and have advised their respective clients regarding such options in accordance with Local Rule 53.3. The Parties believe that early resolution may be facilitated after the exchange of meaningful discovery.

The Parties are open to participating in mediation through a private mediator at an appropriate time in the litigation.

6.      **Magistrate Jurisdiction**

The Parties have discussed the possibility of consenting to the jurisdiction of a United States Magistrate Judge for all purposes. At this time, the Parties do not consent to such jurisdiction but will notify the Court if their position changes.

7.      **Trial Date**

The Parties anticipate that this case will be ready for trial within approximately (18) months following the Rule 16 conference and request that the case be placed in a trial pool consistent with that timeframe.

8.      **Other Matters**

The Parties agree to continue to cooperate in discovery and to meet and confer in good faith regarding any issues that arise. The parties further agree to make reasonable efforts to

resolve disputes without Court intervention and to comply with all applicable rules and orders governing this action.

Plaintiff,
By Counsel,

By: */s/ Anthony Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*

**FOX ROTHSCHILD, LLP**

 */s/ Colin D. Dougherty*
Colin D. Dougherty
Attorney ID No. 88363
D. Wesley Meehan
Attorney ID No. 327704
Jolly Road Suite 110
Blue Bell, PA 19422
Telephone: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
wmeehan@foxrothschild.com
*Attorneys for Defendant*

**KELLEY DRYE & WARREN LLP**

*/s/ Steven W Schlesinger*
Steven W Schlesinger
James B. Saylor (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Fax: (212) 808-7897
sschlesinger@kelleydrye.com
jsaylor@kelleydrye.com

*Attorneys for Third-party Defendant*
*QuinStreet Inc.*

7