Fox Rothschild

980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, PA 19422
610.397.6500 610.397.0450
WWW.FOXROTHSCHILD.COM

COLIN D. DOUGHERTY
Direct No: 610.397.3908
Email: cdougherty@foxrothschild.com

September 28, 2026

**VIA E-FILING**
Hon. Antonio M. Pozos, U.S.D.J.
United States District Court
Eastern District of Pennsylvania
5614 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

**Re: Joseph Christ v. Planet Roof PA, LLC, et al., Case No. 2:26-cv-02135**

Dear Judge Pozos:

Pursuant to the Court's Notice of Reassignment and Standing Order dated September 16, 2026 and filed September 17, 2026 (ECF 41), the Parties submit this Joint Status Report.

1. A concise summary of the case, including a description of the parties, the identities of lead counsel, the factual background, claims and defenses at issue, and relevant procedural history.

**Plaintiff Joseph Christ filed this putative class action on April 1, 2026 against Defendant Planet Roof PA, LLC under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b) (the proposed Robocall Class), and the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et seq*. (the proposed SCTPPA Class).**

**Plaintiff alleges that, on approximately March 5–7, 2026, he received pre-recorded voicemails stating "Jessica from Planet Roof" from (724) 294-5783 on his cellular telephone number ending in 7299. Plaintiff alleges that the number had been on the National Do Not Call Registry since August 22, 2025, and that the calls were made without consent. Plaintiff seeks damages and injunctive relief and proposes the Robocall Class and SCTPPA Class.**

**Planet Roof answered and asserted affirmative defenses on June 9, 2026 (ECF 19), and filed a Third-Party Complaint against QuinStreet seeking indemnification and related relief on June 9, 2026 (ECF 20). Planet Roof's position is that it never called Plaintiff and is not vicariously liable for any calls placed by its vendor Modernize (a QuinStreet subsidiary) or Modernize's vendor SameDay AI. Planet Roof further contends that Plaintiff consented on March 4, 2026 through roofingcosts.org, as reflected in a TrustedForm record which has been presented to Plaintiff's Counsel.**

**QuinStreet answered the Third-Party Complaint (ECF 28) and denies liability. QuinStreet's position is that Planet Roof did not contract with QuinStreet or its subsidiary, Modernize, for any calling services; rather, the parties' sole contractual relationship was for Modernize to provide consumer lead delivery to Planet Roof. Neither QuinStreet nor Modernize placed calls on Planet Roof's behalf, as alleged in the Third-Party Complaint. Modernize delivered a lead associated with Plaintiff's telephone number after Plaintiff submitted a request for information through roofingcosts.org on March 4, 2026, through which Plaintiff consented to receive calls and text messages from service professionals, including Planet Roof. QuinStreet further denies that it owes Planet Roof any indemnification obligations under the Third-Party Complaint. Even assuming that the parties' contract imposed such obligations, Planet Roof failed to satisfy the contractual prerequisites for indemnification.**

2. A summary of any pending motions, including the relief sought, a brief overview of the parties' arguments, citation any controlling legal authorities, and whether any motion has the potential to entirely resolve the case, or to substantially narrow the claims, defenses, or other areas of dispute between the parties such that resolution of any motions may obviate the need for trial.

**There are no motions currently pending.**

3. Whether the parties anticipate filing further pretrial motions, including the nature of the anticipated motions, and any discovery or other proceedings that must be completed before such motions are filed.

**Plaintiff anticipates filing a motion for class certification following completion of the necessary class discovery. Plaintiff is presently moving forward with that discovery, including written discovery and depositions. Plaintiff may also seek appropriate relief concerning any outstanding discovery deficiencies that the parties are unable to resolve through the meet-and-confer process.**

**Defendant Planet Roof intends to oppose class certification and file a dispositive Motion for Summary Judgment at the close of discovery. The anticipated dispositive motion would address, among other things, consent, whether Planet Roof made or is vicariously liable for the calls, and whether Plaintiff can establish TCPA or SCTPPA liability. The Parties anticipate completing fact discovery before filing.**

**QuinStreet similarly anticipates filing a dispositive motion, such as a motion for summary judgment, at the appropriate time. That motion would address the absence of any contractual basis for Planet Roof's indemnification and contribution claims.**

4. The status of discovery, including whether document discovery, written discovery, depositions, and/or any expert discovery have been completed and, if not, when the parties anticipate that such discovery will be completed. If there are discovery disputes that require the Court's attention, briefly summarize the nature of the dispute, including the subject matter of the disputed discovery, the type and volume of discovery implicated by the dispute, and the nature of the objections posed to the discovery sought (e.g., privilege, undue burden and expense, etc.).

**Planet Roof served responses to Plaintiff's set of discovery requests on July 8, 2026, and served supplemental responses and a supplemental document production on September 8, 2026. Plaintiff subpoenaed SameDayAI which produced documents. Plaintiff served 21 Rule 30(b)(6) topics on September 12, 2026 and requested the deposition of Mike Shelly. No depositions have been taken as of this filing. Planet Roof intends to serve written discovery requests on Plaintiff within a week of this filing and conduct Plaintiff's deposition thereafter.**

**QuinStreet intends to serve written discovery on Planet Roof and participate in depositions as necessary.**

**The principal discovery dispute concerns Planet Roof's refusal to produce classwide calling and related records based on its contention that the TrustedForm record associated with Plaintiff establishes consent or, alternatively, that any dispute concerning consent necessarily presents individualized issues that preclude class treatment. Plaintiff disagrees. Whether Planet Roof can establish consent, whether the consent evidence upon which it relies is valid and applicable to the calls at issue, and whether consent can be evaluated through common records and evidence are merits and class-certification issues that should be addressed on a developed evidentiary record, not used as a basis to foreclose the discovery necessary to litigate those issues. SameDay's third-party production confirms the existence of classwide call records, dispositions, analytics, and reports and further indicates that Planet Roof has access to Campaign and call information through its SameDay account. Plaintiff therefore seeks production of those records, together with the outstanding vendor communications identified above.**

**Plaintiff is moving discovery forward and intends to complete the outstanding written and document discovery and take the depositions necessary to develop the merits and class-certification record, including Planet Roof's Rule 30(b)(6) deposition. Plaintiff will continue to meet and confer concerning these issues but, absent resolution, intends to seek appropriate relief from the Court.**

**Plaintiff has raised a few deficiencies with Planet Roof's discovery responses. Specifically, Plaintiff contends the following deficiencies remain:**

- **Request for Production No. 8: Please produce all documents containing, for each outbound telemarketing call or text sent by you or your vendors: (a) date and time; (b) any recorded message or script; (c) disposition or result; (d) recipient identifying information; (e) any scrub results (internal DNC, National DNC Registry, reassigned-number database); and (f) any coding indicating "wrong number," "do not call," "opt-out," or similar.**
    - **Plaintiff's position is that SameDay's subpoena production confirms that responsive call records exist, including dispositions, analytics, and reports. It also shows that Planet Roof has access to its SameDay account and can view campaign and call information. Please produce the class-period records responsive to Request No. 8.**
    - **Planet Roof's position is that, in light of the TrustedForm record evidencing Plaintiff's consent to the call at issue, the class discovery sought by Plaintiff is improper because either (1) Plaintiff consented to the communication or (2) Plaintiff denies consenting which is an inherently individualized inquiry that precludes class treatment and makes class-wide discovery inappropriate. Planet Roof further contends that the request for each outbound telemarketing call or text sent by Planet Roof or its "vendors" is unduly burdensome and disproportionate to the needs of the case.**
- **Request for Production No. 9: All documents and communications between You and Modernize.**
    - **Plaintiff's position is that SameDay 000054–000065 reflects communications among Planet Roof, SameDay, and Modernize concerning Plaintiff's lead, the geographic-routing problem, and the investigation of the calls at issue. Please produce all nonprivileged communications with SameDay, Modernize, but not limited to the Plaintiff. For any responsive communication withheld based on privilege, work product, or a common-interest protection, please provide a privilege log identifying the communication and the specific basis for withholding it.**
    - **Planet Roof's position is that, between the documents produced by Planet Roof and SameDay, Plaintiff is in possession of all responsive communications.**
- **Request for Production No. 11: All documents and communications between You and Salty Dog Roofing and Siding, Roofing Pups, or any South Carolina roofing or home-improvement provider.**
    - **Plaintiff's position is that PLANETROOF_000037–000041 does not appear to constitute a complete production of communications responsive to Request**

**No. 11. SameDay's production contains extensive additional communications involving Planet Roof or LB Capital personnel concerning campaign setup, etc. which indicates other documents exist.**

- **Planet Roof's position is that, between the documents produced by Planet Roof and SameDay, Plaintiff is in possession of all responsive communications.**

5. Whether the parties have engaged in settlement discussions, the status of those discussions, and whether the parties believe that the case would benefit from referral to the Magistrate Judge for a settlement conference.

**Plaintiff issued an initial settlement demand on September 16, 2026. Neither Planet Roof nor QuinStreet has responded to Plaintiff's demand. Plaintiff does not presently request referral to the Magistrate Judge for a settlement conference and intends to move forward with discovery. Plaintiff remains willing to consider any settlement proposal Defendants may make as the case proceeds.**

6. Whether the matter is eligible for arbitration under Local Civil Rule 53.2, and, if so, whether the parties request to proceed via arbitration.

**This matter is not eligible for arbitration under Local Civil Rule 53.2.**

7. Any other issues that the parties believe it would be important to bring to the Court's attention.

**None.**

8. Where the parties disagree on an item to be included in the Joint Status Report, or take a different position on an item, the parties may state their positions separately and identify their respective positions as such.

**N/A.**

9. The parties shall meet and confer before filing the Joint Status Report, either in person or by video conference, and shall discuss the contents of the report, and the parties' respective positions, in an attempt to narrow or resolve any outstanding areas of disagreement prior to filing the Joint Status Report. The Joint Status Report must specify the length of the conference, identify the parties and/or counsel (including lead counsel) that participated in the conference, note whether the conference was conducted in person or via video conference, and state whether the parties were able to resolve any areas of disagreement.

Respectfully submitted,

Colin D. Dougherty

CDD/lms