**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>Defendant. | Case No. 2:26-cv-02135 |

**PLAINTIFF'S MOTION TO COMPEL**
**<u>PRODUCTION OF CLASS-WIDE CALLING RECORDS</u>**

Plaintiff Joseph Christ, pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Local Civil Rule 26.1, and the Court's September 29, 2026 Order (ECF No. 43), moves to compel Defendant Planet Roof PA, LLC to produce records responsive to Plaintiff's First Request for Production No. 8. In support, Plaintiff states:

1. Plaintiff served Request for Production No. 8 seeking records of outbound telemarketing calls by Defendant or its vendors, including dates and times, recorded messages or scripts used. *See* Ex. 1, RFP No. 8.

2. Defendant objected that the request was overly broad, unduly burdensome, premature before class certification, and sought third-party records. Defendant further stated that its dialer and call-detail records were maintained by SameDay AI Inc. *Id.*, Response to RFP No. 8.

3. Plaintiff subpoenaed SameDay, which expressly identified responsive documents in its possession as Planet Roof's records and stated that they were within Planet Roof's possession, custody, and control. *See* Ex. 2, Response to Request No. 7.
4. The requested records are relevant to the requirements of Federal Rule of Civil Procedure 23, as well as liability and damages. Courts in this District have compelled production of substantially similar calling records in TCPA class actions. *See Galloway v. E Mortgage Capital, Inc.*, No. 25-7205, ECF No. 23, at 2–3 (E.D. Pa. Sept. 23, 2026) (Ex. 3).
5. Despite the parties' good-faith efforts to resolve this dispute, Defendant has not produced the requested class-wide calling records.
6. The grounds for this motion are set forth more fully in Plaintiff's accompanying Brief in Support, which Plaintiff incorporates by reference.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion and order Defendant, within fourteen (14) days, to produce all nonprivileged documents and electronically stored information responsive to Request for Production No. 8 within its possession, custody, or control, including responsive calling records maintained by SameDay AI Inc., in a reasonably usable electronic format, together with such other relief as the Court deems appropriate.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 26.1(f)**

I, Anthony I. Paronich, counsel for Plaintiff, certify that counsel for the parties engaged in good-faith efforts to resolve the discovery dispute presented in this Motion without judicial intervention.

Counsel previously participated in a Zoom conference concerning the parties' discovery disputes. Thereafter, pursuant to the Court's September 29, 2026 Order (ECF No. 43), counsel participated in a further Zoom conference on October 7, 2026, lasting approximately ten minutes,

during which they substantively discussed Plaintiff's Request for Production No. 8, Defendant's objections, and the requested class-wide calling records. The parties were unable to resolve their disagreement concerning production of those records.

Accordingly, despite good-faith efforts to resolve the dispute through that and prior Zoom conferences, judicial intervention remains necessary.

Plaintiff,
By Counsel,

By: /s/ *Anthony Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*