**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>Defendant. | Case No. 2:26-cv-02135 |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF CALLING RECORDS NECESSARY FOR CLASS CERTIFICATION**

## I. Relevant Background and Discovery Dispute

Plaintiff Joseph Christ brings this putative class action under the Telephone Consumer Protection Act ("TCPA") arising from prerecorded telemarketing calls promoting Defendant Planet Roof PA, LLC's roofing services. Plaintiff alleges that, between March 5 and March 7, 2026, he received multiple unsolicited calls that left substantially identical prerecorded voicemail messages from "Jessica from Planet Roof," without his prior express consent. Compl. ¶¶ 13–18, 21, 24, ECF No. 1. Plaintiff seeks to represent a nationwide class of persons who received similar artificial or prerecorded calls, as well as a South Carolina class concerning telemarketing calls to numbers registered on the National Do Not Call Registry. *Id*. ¶¶ 26–27.

Plaintiff served Request for Production No. 8, seeking records of outbound calls or made by Defendant or its vendors, including call dates and times, recorded messages or and notations reflecting wrong numbers. Exhibit 1, RFP No. 8. Defendant objected that the request was overbroad, burdensome, and premature before class certification. Defendant further asserted that it was "not in possession of dialer or call-detail records, which are maintained by Sameday AI Inc." *Id*. Plaintiff therefore subpoenaed SameDay for the relevant records. In its response, SameDay expressly stated that "any responsive documents that it holds are the records of Planet Roof PA, and are therefore within the possession, custody, and control of a party to this litigation." Exhibit 2, SameDay Response to Request No. 7.

## II. Argument

### a. Class-Wide Calling Records Are Discoverable Before Class Certification Because They Are Needed for Class Certification

Federal Rule of Civil Procedure 26(b)(1) permits discovery of nonprivileged information relevant to any party's claim or defense and proportional to the needs of the case. In a putative

class action, discovery necessarily extends beyond the named plaintiff's individual experience because the plaintiff must develop evidence establishing the requirements of Rule 23.

The Third Circuit has recognized that discovery relevant to class certification should ordinarily precede the certification determination. *See Landsman & Funk PC v. Skinder-Strauss Assocs.,* 640 F.3d 72, 93–94 (3d Cir. 2011). That principle is particularly important in TCPA cases, where the defendant's outbound calling records frequently provide the primary evidence of the number of affected persons, the uniformity of the challenged calling practices, and the availability of common proof.

Indeed, courts in this District have compelled production of precisely this type of information in a TCPA class action. In *Frey v. Frontier Utilities Northeast LLC*, No. 19-2372-KSM, 2020 U.S. Dist. LEXIS 260620, at *5–6 (E.D. Pa. Apr. 13, 2020), the Court ordered production of outbound calling records despite objections to disclosing the information before class certification:

> Frey has shown that the outbound call list is relevant to class certification and to the merits of his claim.

*Id*. at 5. The Court further recognized that the records could establish which calls were placed to cellular telephone numbers, information relevant to numerosity and typicality, as well as liability and damages under the TCPA. *Id*. at 5–6. Importantly, *Frey* rejected the argument that putative class-member information should be withheld until certification. *Id*. at 6. The same reasoning applies here. Plaintiff cannot be expected to establish the size and composition of the proposed classes while Defendant withholds the records needed to make those determinations.

Most recently, in *Galloway v. E Mortgage Capital, Inc.*, No. 25-7205, ECF No. 23, at 2–3 (E.D. Pa. Sept. 23, 2026), Judge Quiñones Alejandro granted a motion to compel production of class-wide outbound telemarketing records sought through a request substantially similar to

Plaintiff's Request No. 8. *See* Exhibit 3. The Court expressly rejected the defendant's argument that the records should not be produced before class certification, finding that outbound calling records are relevant to numerosity, typicality, liability, and damages under the TCPA. *Id.* at 2. The Court also rejected objections based on proportionality and the privacy interests of putative class members, explaining that an ESI protocol and appropriate confidentiality protections could address those concerns. *Id.* at 2–3. Relying on *Frey v. Frontier Utilities Northeast LLC*, 2020 WL 12697468 (E.D. Pa. Apr. 13, 2020), the Court concluded that the requested calling records fell within the permissible scope of Rule 26 and ordered their production. *Galloway*, ECF No. 23, at 2–3. The same result is warranted here.

The parallels to this case are particularly compelling. Like the defendant in *Galloway*, Planet Roof seeks to withhold records of its outbound telemarketing activity based on objections that class-wide discovery is premature and disproportionate. But those records are necessary to determine the number of persons contacted, the use of prerecorded or artificial voices, and whether the challenged conduct can be established through common evidence. Without them, Plaintiff cannot meaningfully evaluate numerosity, commonality, or predominance under Rule 23.

These authorities also recognize a basic problem with Defendant's position: the information needed to evaluate class certification cannot be withheld merely because certification has not yet occurred. As the Court explained in *Whiteamire Clinic, P.A. v. Quill Corp.,* No. 12 C 5490, 2013 WL 5348377, at *3 (N.D. Ill. Sept. 24, 2013):

> The Court cannot permit Quill on one hand to contest class certification and on the other hand deny plaintiff the discovery relevant to its position that a class should be certified.

*See also Central Alarm Signal, Inc. v. Business Financial Services, Inc.,* No. 14-14166, 2016 WL 3595627, at *2 (E.D. Mich. July 5, 2016) (applying the same reasoning in a TCPA class action);

*Ossola v. American Express Co.,* No. 13 C 4836, 2015 WL 5158712, at *7 (N.D. Ill. Sept. 3, 2015) (recognizing the relevance of call data in TCPA class litigation).

The requested records are especially important here because they provide the means to determine whether the challenged prerecorded calling practices extended beyond Plaintiff. These records will permit Plaintiff to evaluate the scope of the calling campaign and whether common evidence can establish the use of artificial or prerecorded voices. Courts have rejected attempts to restrict such discovery to calls that the defendant has already identified as unlawful. Likewise, in *Fralish v. Digital Media Solutions, Inc.,* No. 3:21-cv-00045-JD-MGG, 2021 WL 5370104, at *9–10 (N.D. Ind. Nov. 17, 2021), the Court compelled class-related telephone data in a TCPA action, emphasizing that precertification discovery must be sufficiently broad to afford the plaintiff a meaningful opportunity to establish Rule 23's requirements. The Court rejected undue-burden objections where the defendant failed to demonstrate that the burden of production outweighed the benefits of the requested discovery. *Id.*; *see also Fralish v. Deliver Technology, LLC*, No. 3:20-CV-00353-DRL-MGG, 2021 WL 3285528, at *9 (N.D. Ind. Aug. 2, 2021).

Nor has Defendant demonstrated that production is disproportionate or unduly burdensome. Request No. 8 seeks existing records directly relevant to class certification, liability, and damages. Defendant has offered no evidence of any technical impediment or significant production burden. Indeed, SameDay AI's subpoena response indicates that the responsive calling records exist and are maintained on Planet Roof's behalf. *See* Exhibit 2, Response to Request No. 7. Plaintiff merely seeks production of those existing records.

Moreover, Plaintiff seeks the underlying records, not an analysis performed by Defendant. Producing the electronically maintained call data in a reasonably usable format would permit Plaintiff and his expert to conduct the necessary analysis. This approach avoids

requiring Defendant to undertake Plaintiff's expert analysis while preserving Plaintiff's ability to develop the evidentiary record.

Accordingly, Defendant's objections that the requested information is premature, overbroad, or disproportionate should be overruled. Plaintiff is entitled to the class-wide calling records responsive to Request No. 8.

### b. Planet Roof Cannot Avoid Production Because SameDay Maintains the Records.

Defendant's assertion that SameDay maintains its calling records does not establish that the records fall outside Defendant's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). SameDay expressly stated in its subpoena response that "any responsive documents that it holds are the records of Planet Roof PA, and are therefore within the possession, custody, and control of a party to this litigation." Exhibit 2, SameDay Response to Request No. 7. This statement directly contradicts Defendant's suggestion that the location of the records excuses their production. At a minimum, Defendant must obtain and produce the responsive records available to it through SameDay rather than rely on the vendor's possession as a basis for withholding them.

## III. Conclusion

For these reasons, Plaintiff respectfully requests that the Court grant his Motion to Compel and order Defendant Planet Roof PA, LLC to produce all records responsive to Request for Production No. 8, including the underlying class-wide calling data maintained through SameDay, in a reasonably usable electronic format within fourteen days.

Plaintiff,
By Counsel,

By: /s/ Anthony Paronich
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

*Attorney for Plaintiff and the Proposed Class*