**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH CHRIST, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>PLANET ROOF PA, LLC<br><br>Defendant. | Case No. 2:26-cv-02135-JMY |

**DEFENDANT'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant, Planet Roof PA, LLC ("Defendant" or "Planet Roof"), by and through its undersigned counsel, Fox Rothschild LLP, hereby responds and objects to Plaintiff Joseph Christ's First Set of Requests for Production ("Requests"). All responses are made without in any way waiving or intending to waive, but on the contrary intending to preserve and preserving:

1. The right at any time to revise, correct, supplement, clarify, or amend these responses and objections;

2. The right to object on any ground at any time to a demand for further information, further production, and/or other discovery proceedings involving or relating to the subject matter of any of the individual Requests;

3. The right to object on any ground to the use and/or admissibility of these responses (or any part thereof) at any trial, hearing, or other proceeding in this or any other action;

4. The attorney-client, work-product, and expert privileges and, accordingly, any subsequent response or production shall not constitute a waiver of said privileges;

5. All questions as to competency, relevancy, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceedings or the trial of this or any other action; and

6. Defendant also incorporates herein by reference all pleadings filed by it in this action.

## GENERAL OBJECTIONS

1. Defendant objects to each Request to the extent it seeks discovery beyond that permitted by the Federal Rules of Civil Procedure, or information or documents not otherwise discoverable thereunder.

2. Defendant objects to the Definitions and Instructions to the extent they purport to alter, expand, or modify Defendant's obligations under the Federal Rules of Civil Procedure, including the definitions of "Defendant," "You," "Vendor," and "Telemarketing," which are overbroad and seek to impose obligations beyond those imposed by the Rules.

3. Defendant objects to each Request to the extent it seeks information already in Plaintiff's possession, custody, or control, or equally available to Plaintiff.

4. Defendant objects to each Request to the extent it seeks information that is publicly available and thus equally accessible to Plaintiff.

5. Defendant objects to each Request to the extent it seeks (a) attorney work product; (b) information subject to the attorney-client privilege; (c) confidential, proprietary, or trade secret information of Defendant; and (d) information protected from disclosure by any other applicable privilege or protection.

6. Defendant objects to each Request to the extent the information sought is not relevant to any party's claim or defense and is disproportionate to the needs of the case.

7. Defendant objects to each Request to the extent it is overly broad, vague, and ambiguous.

8. Defendant objects to each Request to the extent it is unduly burdensome, harassing, and oppressive.

9. Defendant objects to each Request to the extent it seeks information or documents within the possession, custody, or control of third parties and not within Defendant's possession, custody, or control.

10. Defendant objects to each Request to the extent it seeks classwide discovery prior to any certification of a class, which Defendant denies is appropriate, and on the ground that such discovery is premature, overbroad, and disproportionate to the needs of the case at this stage.

11. Defendant objects to each Request that requests Defendant to identify or produce "all," "any and all," or "each and every" document or communication as overly broad, unduly burdensome, and unnecessarily vague.

12. Defendant objects to each Request to the extent it assumes or requires Defendant to adopt an improper or unsubstantiated legal conclusion, including that Defendant placed any call to Plaintiff or violated the TCPA or SCTPPA, all of which Defendant denies.

13. Defendant objects to each Request because discovery is continuing and additional responsive information may be identified during or after discovery.

These General Objections are incorporated into each individual response below as though fully set forth therein, whether or not expressly referenced.

**RESERVATION OF RIGHT TO SUPPLEMENT**

Defendant is providing these responses and objections relating to Plaintiff's First Set of Requests for Production. Because discovery relating to the issues raised is ongoing, Defendant

specifically reserves the right to supplement, amend, or correct its objections and responses from time to time.

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Please produce all non-attorney-client-privileged documents identified in or used to research or draft responses to interrogatories in this case.

**RESPONSE:** Subject to and without waiving the General Objections, see the documents produced herewith.

**REQUEST NO. 2:** Please produce all complaints or do-not-call requests concerning outbound calls or text messages made by you or by any vendor of yours, including written complaints (litigation or pre-litigation), any response sent, and internal correspondence about the same.

**RESPONSE:** Defendant objects to this Request to the extent it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks documents within the possession of third-party vendors. Defendant further objects to this Request to the extent it seeks documents not in Defendant's possession and/or in the possession of a third party. Subject to and without waiving the foregoing and General Objections, Defendant is not in possession of documents responsive to this Request.

**REQUEST NO. 3:** All contracts or documents representing agreements with any vendor that provided you with the Plaintiff's telephone number or information.

**RESPONSE:** Subject to and without waiving the General Objections, see the documents produced herewith.

**REQUEST NO. 4:** All contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff.

**RESPONSE:** Subject to and without waiving the General Objections, see the documents produced herewith.

**REQUEST NO. 5:** Please produce all documents relating to insurance coverage of the acts alleged by Plaintiff, including all potentially applicable policies and all communications with any such insurers.

**RESPONSE:** Defendant objects to this Request to the extent it seeks privileged or confidential communications. Subject to and without waiving the foregoing and General Objections, none.

**REQUEST NO. 6:** Please produce all indemnification agreements under which a third party may be responsible for satisfying all or part of a judgment, and all communications with those third parties.

**RESPONSE:** Subject to and without waiving the General Objections, see the documents produced herewith.

**REQUEST NO. 7:** Please produce all documents related to policies for compliance with the TCPA or the FCC's regulations, and all documents necessary to construct a timeline of when each policy was in force, including policies related to (a) TCPA/FCC compliance; (b) obtaining or verifying prior express consent; and (c) compliance with the E-SIGN Act.

**RESPONSE:** Defendant objects to this Request to the extent it is overly broad and unduly burdensome. Subject to and without waiving the foregoing and General Objections, none.

**REQUEST NO. 8:** Please produce all documents containing, for each outbound telemarketing call or text sent by you or your vendors: (a) date and time; (b) any recorded message or script; (c) disposition or result; (d) recipient identifying information; (e) any scrub results (internal DNC,

National DNC Registry, reassigned-number database); and (f) any coding indicating "wrong number," "do not call," "opt-out," or similar.

**RESPONSE:** Defendant objects to this Request to the extent it is overly broad, unduly burdensome, premature as to classwide call data prior to any certification, and seeks records within the possession of third parties. Subject to and without waiving the foregoing and General Objections, Defendant states that it is not in possession of dialer or call-detail records, which are maintained by Sameday AI Inc.

**REQUEST NO. 9:** All communications with any third party concerning this litigation other than your attorney.

**RESPONSE:** Defendant objects to this Request to the extent it seeks documents protected by the attorney-client privilege, the work-product doctrine, or any common-interest privilege. Subject to and without waiving the foregoing and General Objections, see the documents produced herewith.

**REQUEST NO. 10:** All training materials, PowerPoints, or compliance certifications provided to employees or vendors regarding the TCPA.

**RESPONSE:** Defendant objects to this Request to the extent it is overly broad and not reasonably limited in time or scope. Subject to and without waiving the foregoing and General Objections, none.

**REQUEST NO. 11:** All communications between Defendant and any other vendor involved in contacting the Plaintiff concerning lead generation, campaign setup, lead sources, or consent verification.

**RESPONSE:** Defendant objects to this Request to the extent it seeks privileged information. Subject to and without waiving the foregoing and General Objections, see the documents produced herewith.

**REQUEST NO. 12:** All documents sufficient to show the relationship between Defendant and any vendor or third party involved in telemarketing activities, including (a) invoices; (b) payment records; (c) commission structures; and (d) performance reports.

**RESPONSE:** Defendant objects to this Request to the extent it seeks confidential and proprietary business information and is disproportionate to the needs of the case. Subject to and without waiving the foregoing and General Objections, see the documents produced herewith.

Dated: July 8, 2026

**FOX ROTHSCHILD LLP**

By: *<u>/s/ Colin D. Dougherty</u>*

Colin D. Dougherty
D. Wesley Meehan
980 Jolly Road, Suite 110
Blue Bell, PA 19422-3001
Tel: (610) 397-6500
Fax: (610) 397-0450
cdougherty@foxrothschild.com
wmeehan@foxrothschild.com

*Attorneys for Defendant Planet Roof PA, LLC*