**UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Joseph Christ, individually and on behalf of others similarly situated, | : | |
| | : | Case No.: 2:26-cv-02135-JMY |
| *Plaintiff*, | : | |
| v. | : | |
| | : | |
| Planet Roof PA, LLC | : | |
| | : | |
| *Defendant*. | : | |

**SAMEDAY AI, INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA ISSUED JULY 13, 2026**

Sameday AI, Inc. ("Respondent" or "Sameday"), by and through counsel, hereby responds to the Subpoena (hereinafter "Subpoena") issued in the above referenced matter on July 13, 2026, and hereby states as follows:

**REQUEST FOR DOCUMENTS**

**Request No. 1:** Please produce every agreement, statement of work, insertion order, amendment, addendum, renewal, pricing schedule, service agreement, or other contract between Sameday AI and Planet Roof PA, LLC, Modernize, QuinStreet, LB Capital, Build It To Sell It, or any affiliated entity relating to the Planet Roof campaign, the routing of leads, AI calling services, or the subject matter of this lawsuit.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce true and accurate copy of its agreement with Planet Roof PA, LLC, which constitutes the sole document that is related to the Planet Roof campaign and the subject matter of this lawsuit. To the extent that the Request seeks documents related to the "routing of leads" and "AI calling services" from the entities listed above and "any affiliated entity" that are unrelated to Planet Roof, the Planet

Roof campaign, or this lawsuit, Sameday objects on the basis that the request is vague, overly broad, unduly burdensome, and not proportionate to the needs of the case.

**Request No. 2**: Please produce all documents concerning the creation, implementation, configuration, modification, operation, maintenance, or troubleshooting of the Planet Roof campaign, including documents reflecting webhook configurations, API integrations, endpoint mappings, routing rules, geographic targeting, Al configurations, workflows, scripts, prompts, routing logic, and any changes made to those configurations.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce flowcharts and similar documentation sufficient to establish the creation, implementation, configuration, modification, operation, maintenance, or troubleshooting of the Planet Roof campaign.

**Request No. 3**: Please produce all communications between Sameday AI and Planet Roof PA, LLC, Modernize, QuinStreet, LB Capital, Build It To Sell It, or any affiliated entity concerning Plaintiff Joseph Christ, the Planet Roof campaign, lead routing, webhook configuration, endpoint configuration, AI calling, prerecorded or artificial voice messages, TCPA compliance, customer complaints, campaign optimization, or this litigation.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce non-privileged responsive communications concerning Plaintiff Joseph Christ, the Planet Roof campaign, and this litigation. To the extent that the Request seeks communications unrelated to the foregoing, Sameday objects because the request is vague, overly broad, unduly burdensome, and not proportionate to the needs of the case.

**<u>Request No. 4</u>:** Please produce all reports generated for, provided to, or made available to Planet Roof PA, LLC concerning the Planet Roof campaign, including reports reflecting leads received, outbound calls, appointments, transfers, call outcomes, conversion metrics, campaign analytics, dashboards, routing reports, performance reports, and any similar reporting.

**RESPONSE:** No responsive records exist beyond the documents requested and referenced in Request No. 7.

**<u>Request No. 5</u>:** Please produce all documents sufficient to identify the rights, permissions, and access Planet Roof PA, LLC possessed to obtain, retrieve, export, request, or view campaign data, lead information, call records, recordings, transcripts, reports, analytics, or any other information maintained by Sameday AI concerning the Planet Roof campaign.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce responsive records sufficient to establish to identify the rights, permissions, and access Planet Roof PA, LLC with regard to the Planet Roof campaign.

**<u>Request No. 6</u>:** Please produce all documents concerning any investigation, troubleshooting, analysis, corrective action, or internal review relating to the routing of South Carolina leads, Plaintiff Joseph Christ, incorrectly routed leads, failed integrations, web hook errors, endpoint errors, or any issue involving the Planet Roof campaign.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce non-privileged responsive documents within its possession, custody, and control.

**<u>Request No. 7</u>:** Please produce all documents containing, for each outbound call placed by Sameday AI on behalf of Planet Roof PA, LLC, including but not limited to the calls made to Plaintiff: (a) the date and time of the call or text message; (b) any prerecorded message, artificial voice, recording, script, prompt, or AI instruction used; ( c) the disposition or result of the communication; (d) recipient identifying information; (e) any scrub results, including internal Do Not Call lists, National Do Not Call Registry scrubs, reassigned-number database scrubs, or other compliance checks; (f) any coding or designation reflecting "wrong number," "do not call," "opt out," "reassigned," "invalid," "failed," or any similar disposition; (g) the caller identification used; and (h) all associated recordings, transcripts, metadata, audit logs, and system logs.

**RESPONSE:** Sameday objects to the Request's characterization of its services to Planet Roof PA consisting of being "call[s] placed by Sameday AI on behalf of Planet Roof PA." Sameday serves as a calling platform and does not initiate any calls on its own behalf or on behalf of other parties. Sameday further objects on the basis that any responsive documents that it holds are the records of Planet Roof PA, and are therefore within the possession, custody, and control of a party to this litigation. Compelling a non-party to produce such records available through a litigation party would constitute an undue burden.

**<u>Request No. 8</u>:** Please produce all documents sufficient to identify every individual employed by or acting on behalf of Sameday AI who possesses knowledge concerning the creation, configuration, operation, maintenance, troubleshooting, investigation, reporting, or management of the Planet Roof campaign, including engineers, software developers, customer success personnel, account managers, implementation personnel, technical support personnel, and every

individual who communicated with Planet Roof PA, LLC or Modernize concerning the campaign.

**RESPONSE:** Subject to a mutually acceptable protective order, Sameday will produce non-privileged responsive documents within its possession, custody, and control.

Respectfully submitted and to all objections,

*/s/ Christopher C. Wager*

Christopher C. Wager (OH0084324)
Mac Murray & Shuster LLP
6525 West Campus Oval, Suite 210
New Albany, OH 43054
Phone: 614.939.9955
Fax: 614.939.9954
Email: cwager@mslawgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served upon the following via e-mail on August 7, 2026:

Anthony Paronich, Esq.
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
Email: Anthony@paronichlaw.com

*/s/ Christopher C. Wager*