# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAKE GALLOWAY**, individually, and on behalf of all others similarly situated, *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 25-07205** |
| **E MORTGAGE CAPITAL, INC.**, *Defendant.* | : | |

## ORDER

**AND NOW**, this 23[rd] day of September 2026, upon consideration of Plaintiff Jake Galloway's *motion to compel calling data that will identify putative class members*, (ECF 14), Defendant E Mortgage Capital's ("Defendant") response in opposition, (ECF 16), and Plaintiff's reply[1], (ECF 17), it is hereby **ORDERED,** for the reasons set forth in the footnote,[2] that Plaintiff

---

[1] Contrary to Local Civil Rule of Procedure, ("Local Rule"), 7.1(c), Plaintiff filed a reply without first seeking leave from this Court. *See* L. R. Civ. P. 7.1(c) ("The Court may require or permit additional briefs or submissions if the Court deems them necessary."). The Local Rule does not address situations where a reply is contemplated. Thus, since the filing of a reply is not addressed by the Local Rule or any Federal Rule of Civil Procedure, it has been interpreted that a reply is not permitted without leave of court. Consistent with this interpretation, this Court requires a party to file a motion for leave before filing a reply. *Williams v. Elliott*, 2021 WL 12407030 at *1 (E.D. Pa. December 1, 2021) (citing *McNiff v. Asset Mgmt. Specialists, Inc.*, 337 F. Supp. 2d 685, 687 n.1 (E.D. Pa. 2004)). While Plaintiff's reply will be considered at this time, this Court will not consider future filings filed in violation of this Local Rule.

[2] Plaintiff filed this class action complaint against Defendant on December 12, 2025, averring that Defendant has engaged in telemarketing tactics in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA"). In the complaint, Plaintiff alleges that he registered his personal phone number on the National Do Not Call Registry on December 31, 2006. (ECF 1 at 5). Despite his efforts to avoid unwanted telemarketing calls, and over Plaintiff's objections in response to Defendant's communications, Plaintiff received two text messages and three calls from Defendant in relation to its loan business. (*Id*. at 6-8). Plaintiff further avers that these messages and calls were artificial or prerecorded in nature. (*Id*. at 8). Defendant concedes that Plaintiff was never its customer, (ECF 10 at 5), and that all communications to Plaintiff's telephone were made by mistake or inadvertently. (ECF 14, ex. 1 at 14). On March 24, 2026, the parties submitted their Joint Rule 26(f) Report and discovery plan. (ECF 12).

In the underlying motion, Plaintiff moves to compel Defendant to produce records of outbound telemarketing calls made by it or by any of its vendors, responsive to his request for production ("RFP") no. 16. (ECF 14, ex. 1 at 14). In response, Defendant objects to this production request on grounds of proportionality, concerns for the privacy interests of non-parties, and upon belief that the request is premature without a showing of class viability. (ECF 16).

Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Information is relevant if "it has any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "In this district, courts have determined that relevancy is to be broadly construed for discovery purposes and is not limited to the precise issues set out in the pleadings or to the merits of the case." *In re Lincoln Natl. COI Litig.*, 2019 WL 5073573, at *2 (E.D. Pa. July 19, 2019) (quotation marks omitted).

A requesting party may compel discovery if the responding party fails to produce all responsive documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). The "party seeking discovery has the burden of showing the information sought is relevant to the subject matter of the action, while the party resisting discovery has the burden of clearly explaining its objections and providing the support thereto. *Supermedia LLC v. Morley*, 2013 WL 12249489, at *2 (E.D. Pa. Sept. 5, 2013) (citations omitted). "The onus is on the party objecting to discovery to state the grounds for the objection with specificity," and "[m]ere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." *Harcum v. LeBlanc*, 268 F.R.D. 207, 210 (E.D. Pa. July 15, 2010) (quotation marks omitted). "[O]nce the objection has been properly articulated, the burden rests with the party seeking discovery to show that a discovery request lies within the bounds of Rule 26." (*Id.*). If he does, "the party opposing discovery must convince the court why discovery should not be had." (*Id.*).

Here, Plaintiff has shown that the outbound call list is relevant to class certification and to the merits of his own claim. See, e.g., *Gossett v. CMRE Fin. Servs.*, 142 F.Supp.3d 1083, 1087 (S.D. Cal. 2015) ("This court finds that the outbound call lists are relevant to the class claims and meritorious claims and defenses in this case and overrules [the defendant's] objections to the requests."). The call records can be used to determine which calls were made to cell phone numbers, a fact that is relevant to the numerosity and typicality requirements of Rule 23(a). *See Thrasher v. CMRE Fin. Servs., Inc.*, 2015 WL 1138469 at *2 (S.D. Cal. March 13, 2015) ("The court finds that the outbound call list is reasonably calculated to identify the number and recipients of calls made during the class period, which is relevant to Rule 23 requirements."). It is also relevant to the question of liability and damages under the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(3) (prohibiting calls "using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ."); *id.* § 227(b)(3)(B) (creating a private right of action to recover "for actual monetary loss" caused by a violation of the TCPA or "to receive $500 in damages for each such violation"). Defendant argues that Plaintiff is not entitled to the personal identifying information of potential class-members, and that such information should only be shared once the class is certified. However, because class discovery is on the same timeline as fact discovery, Plaintiff Galloway is required to seek discovery on both his individual claim and his class claim at the same time. Thus, Defendant's argument is unpersuasive.

Lastly, this Court is not convinced by Defendant's arguments on proportionality and concerns for the privacy of non-parties. This Court finds no meaningful distinction from the present motion to the one granted in *Frey v. Frontier Utilities Northeast LLC*, 2020 WL 12697468 (E.D. Pa. Apr. 13, 2020). Therein, the Honorable Karen Spencer Marston, considered the burden of production on a defendant served with a similar RFP and found that the use of an ESI protocol to be an available tool to limit the burden for the defendant to comply with the request. (*Id.* at 3). As in *Frey*, an ESI protocol is available here, and the parties have already agreed to one as part of their discovery plan. (ECF 12 at 4). Furthermore, this Court does not find the data requested within RFP 16 to be any more sensitive than other information already provided by Defendant. To the extent that the data produced from RFP 16 will yield sensitive data, the Joint Rule 26(f) Report stipulates that the Parties have already contemplated a confidentiality protective order. (*Id.*). This Court agrees that a confidentiality designation and/or a protective order will fully address any legitimate concerns as to the privacy interests of non-parties.

Galloway's motion to compel production is **GRANTED**. Accordingly, Defendant E Mortgage Capital, Inc., is to provide answers to Plaintiff's interrogatories by September 30, 2026.

Failure to comply with this Order may result in sanctions, upon application.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

For the reasons set forth, this Court finds that RFP 16 is appropriate because it lies within the bounds of Rule 26 and is related to the numerosity and typicality requirements of Rule 23(a). Accordingly, the motion to compel production is granted.